IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2017

**ANZAR MCFARLAND v. STATE OF TENNESSEE and RANDY LEE, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. CC-16-CR-178    Lisa N. Rice, Judge**

_____

**No. E2017-00212-CCA-R3-HC**

_____

The Petitioner, Anzar McFarland, appeals as of right from the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. He claims entitlement to habeas corpus relief, alleging that his judgment of conviction for class A felony rape of a child was void because he was not granted pretrial jail credit. Following our review, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Anzar McFarland, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Sophia Lee, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On December 9, 2005, the Petitioner pled guilty in the Hamblen County Circuit Court to one count of rape of a child, a Class A felony. See Tenn. Code Ann. § 39-13-522. He received a fifteen-year sentence to be served with the Tennessee Department of Correction. From the record on appeal, it appears that the Petitioner began serving his effective fifteen-year sentence on December 9, 2005, and a note on the judgment form says, "credit time served."

The Petitioner filed a petition for writ of habeas corpus on November 21, 2016. Therein, he alleged that his judgment of conviction was void because the judgment failed to reflect his pretrial jail credit. On January 13, 2017, the habeas corpus court summarily dismissed his petition for failure to raise a colorable claim for relief. The Petitioner filed a timely notice of appeal, arguing that the habeas corpus court "erred in summarily dismissing [the Petitioner's] petition . . . without holding an evidentiary hearing and rendering findings of fact and conclusions of law." The case is now properly before us.

## ANALYSIS

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

On appeal, the Petitioner argues that the judgment in his case "does not contain the information mandatorily required on the face of the [j]udgment" and that the trial court "failed to award him his mandatory [p]retrial [j]ail credit for the time he was held in the Hamblen County Jail pending arraignment and his plea of guilt on July 22, 2005 to December 9, 2005."

The State responds that even if the Petitioner was not properly awarded pretrial

jail credit, he is not entitled to habeas corpus relief. The State cites State v. Brown, 479 S.W.3d 200, 212-13 (Tenn. 2015) (holding that a motion for correction of illegal sentence alleging that a trial court failed to award pretrial jail credits is insufficient to state a colorable claim for relief from an illegal sentence), and argues that the Petitioner is not entitled to habeas corpus relief because "our [s]upreme [c]ourt held that failure to award pretrial jail credit does not render a sentence illegal."

We conclude that the Petitioner is not entitled to habeas corpus relief. In State v. Brown, 479 S.W.3d 200, 212-13 (Tenn. 2015), our supreme court held that a "trial court's failure to award pretrial jail credits does not render the sentence illegal[.]" Id. at 213. Likewise, a panel of this court held that "a trial court's failure to award pretrial or post-judgment jail credits does not render a sentence illegal and is, therefore, insufficient to establish a colorable claim for habeas corpus . . . relief." Cory O'Brien Johnson, alias Deshun Marshay Gibbs v. State, No. W2016-00087-CCA-R3-HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. Aug. 30, 2016), perm. app. denied (Tenn. Dec. 15, 2016) (citing Brown, 479 S.W.3d 209, 213); see also Kenneth Thompson Anderson v. State, No. M2014-01812-CCA-R3-HC, 2016 WL 447749, at *9 (Tenn. Crim. App. Feb. 5, 2016) (applying Brown to conclude that habeas corpus relief is not available in case in which the petitioner claimed denial of proper post-judgment jail credits). The Petitioner has failed to raise a cognizable claim; therefore, he is not entitled to habeas corpus relief.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
D. KELLY THOMAS, JR., JUDGE